**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Eric Russell SPENCER, a/k/a France DeLeon Turnur and Tschaka Shabazz Akinole, Defendant-Appellant.**

No. 74–3325.

United States Court of Appeals, Ninth Circuit.

June 3, 1975.

---

1. The question here presented was expressly reserved by the Supreme Court in *Ortiz.*

Alan L. Isaacman, Deputy Fed. Public Defender (argued), Los Angeles, Cal., for defendant-appellant.

Franklin L. Dacca, Asst. U. S. Atty. (argued), Los Angeles, Cal., for plaintiff-appellee.

## OPINION

Before WRIGHT and SNEED, Circuit Judges, and POWELL,* District Judge.

EUGENE A. WRIGHT, Circuit Judge:

Spencer was convicted by a jury of knowingly making a false, improper, and incorrect registration with his local draft board. [Selective Service Act of 1967, *as amended,* 50 U.S.C., App. § 462(a) (1970).] He was placed on probation and filed notice of appeal. We reverse.

In December 1965, at age 17, Spencer enlisted in the Army, served on active duty for over one and one-half years and was discharged "under conditions less than honorable" in July of 1967. About June 14, 1973, he registered with a local board in Los Angeles under the fictitious name of France DeLeon Turnur.

The issue presented on this appeal is whether a person who has no duty to register under the Selective Service Act, but who voluntarily registers, may be convicted under § 462(a) for knowingly submitting false and fictitious information to a local board.

Section 462(a) provides in pertinent part:

Any member of the Selective Service System or any other person *charged as herein provided with the duty* of carrying out any of the provisions of this title . . . who shall knowingly fail or neglect to perform such duty, and any person charged with such duty, *or having and exercising any authority* under said title . . . who shall knowingly make, or be a party to the making of any false, improper, or incorrect registration, classification, physical or mental examination, deferment, induction, enrollment, or muster . . . shall, upon conviction in any district court of the United States of competent jurisdic-

---

* Senior District Judge, Eastern District of Washington.

tion, be punished by imprisonment for not more than five years or a fine of not more than $10,000, or by both such fine and imprisonment . . . . [Emphasis supplied.]

The government conceded and the district court properly found that Spencer had no legal duty to register with the Selective Service. The government contends, however, that by his act of registration, Spencer exercised authority under the statute and falls within its provisions. This argument is not persuasive.

The phrase "having and exercising authority" must be interpreted in light of 50 U.S.C., App. § 460 (1970) which establishes the Selective Service System. The section also delineates the administrative authority of the President over Selective Service and provides that the President may delegate any authority vested in him under the various provisions of the Act.

The legislative history of the Selective Service Act of 1948 indicates that § 460 was concerned with the appointment of officers and agents who were to carry out the provisions of the legislation, i. e., those persons who were to exercise the authority delegated by the President. There is no suggestion that a person who registers either has or exercises any authority under the Act. [1948 U.S.Code Cong.Service, pp. 2005–2008.] The 1967 amendments to the Act made no changes in § 460 which are relevant to the issue here.

The language in § 462(a) relating to the exercise of authority clearly refers to those persons charged with administration of the provisions of the Selective Service Act. The language does not apply to Spencer. One who has no duty to register, who nonetheless attempts to reenlist under a false name, does not fall within the scope of the conduct proscribed by the statute.

This being a criminal statute, this court will not extend its scope beyond the situations contemplated by the legislation. The Supreme Court in Pierce v. United States, 314 U.S. 306, 311–312, 62 S.Ct. 237, 86 L.Ed. 226 (1941), held that while an act should be interpreted to give full effect to its plain terms, the interpretation should not depart from the statute's words and context. The Court reasoned that "judicial enlargement of a criminal act by interpretation is at war with a fundamental concept of the common law that crimes must be defined with appropriate definiteness." 314 U.S. at 311, 62 S.Ct. at 240. Cf. United States v. Universal CIT Credit Corp., 344 U.S. 218, 221–222, 73 S.Ct. 227, 97 L.Ed. 260 (1952). To adopt the position advanced by the government would require this court to expand the meaning of a statute where Congress has not clearly evinced such an intent.

Furthermore, Congress has not left the government without a remedy for improper registration of this type. 18 U.S.C. § 1001 (1970) provides a criminal penalty for making false statements in connection with any matter within the jurisdiction of any department or agency of the United States. Spencer's conviction must be reversed because the government chose to prosecute him under an inappropriate statute.

Reversed.